**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Steven Joseph FLORES, Defendant— Appellant.**

No. 03–50237.

D.C. No. CR–02–1611–JSR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2004.

Decided May 27, 2004.

Mark R. Rehe, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Andrew K. Nietor, Ramzi G. Nasser, Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before RYMER and GRABER, Circuit Judges, and MOLLOY,* Chief District Judge.

## MEMORANDUM **

Steven Joseph Flores appeals his jury conviction and sentence for one count of facilitating the entry into the United States of an undocumented alien for financial gain and aiding and abetting in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2, and two counts of inducing and encouraging aliens to enter the United States and aiding and abetting in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(II) and 18 U.S.C. § 2. We affirm in part and reverse and remand with respect to Flores' conviction and sentence on count one.

## I

■ The district court did not abuse its discretion in ordering Steven Flores' trial to proceed before his wife Nichole's. This court's ruling in *United States v. Tham*, 960 F.2d 1391, 1396 (9th Cir.1991), suggests that it would be reversible error for a judge to grant severance for the purpose of facilitating exculpatory co-defendant testimony, only to deny the continuance necessary to put the severance to use. *Tham*'s rule applies, however, only when the district court's decision to grant severance is based primarily on the need to facilitate exculpatory co-defendant testimony. *Id.* In this case, the district court based its severance ruling on concerns over Sixth Amendment confrontation clause problems as described in *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). For that reason, there was no error in the denial of Steven's request for a continuance.

## II

Regardless whether the district court erred in excluding the hearsay statements of Nichole Flores and Victoria Aguayo, reversal is not warranted because any error was harmless. Even if the jury had been allowed to consider the excluded statements, the ample evidence of Steven's guilt leads this court to conclude that the prejudice resulting from any error was more probably than not harmless. *See United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir.2002).

---

* The Honorable Donald W. Molloy, Chief District Judge, United States District Court for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## III

 The district court abused its discretion in allowing into evidence the hearsay statement of Lydia Guevarra's mother under Federal Rule of Evidence 801(d)(2)(E). A court may not base a finding of the existence of a conspiracy solely on the hearsay statement offered. *United States v. Tamez,* 941 F.2d 770, 774–75 (9th Cir. 1991). Here, the only evidence of the mother's involvement in a conspiracy to smuggle aliens is her statement to Nichole regarding payment for her daughter's passage into the United States. The mother's testimony is not admissible under the co-conspirator exception because it is the sole evidence upon which the court could have found her to be a co-conspirator. The court's error warrants reversal because there is apparently no evidence of financial gain to Steven other than the mother's statement regarding payment. Accordingly, Steven's conviction on count one is reversed and remanded. On remand, the district court is instructed to vacate both his conviction and sentence on count one and to resentence on counts two and three if necessary. It is likely that resentencing is required because the reversed conviction carried a mandatory minimum three-year sentence under 8 U.S.C. § 1324(a)(2)(B)(ii), while the other counts did not require a mandatory minimum sentence.

---

\* The petition for review correctly identified the Immigration and Naturalization Service (INS) as the respondent in this transition rule case. Illegal Immigration Reform and Immigrant Responsibility Act § 309(c), Pub. L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), as amended. On March 1, 2003, the INS ceased to exist as an independent agency within the Department of Justice (DOJ) and its functions were transferred to the newly formed Department of Homeland Security. Because this appeal challenges a decision issued by the Executive Office of Immigration Review (en-

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.